UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ST. PAUL FIRE & MARINE INSURANCE CO., a/s/o HUB GROUP INC., <br><br> Plaintiff, <br><br> vs. <br><br> KIPER & SON TRUCKING, L.L.C., an Illinois corporation, <br><br> Defendant. | 06 C 2626 |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before this Court on Defendant Kiper & Son Trucking, L.L.C. ("Kiper")'s motion to vacate default judgment entered on August 16, 2006. For the following reasons, Kiper's motion is granted.

## BACKGROUND

Plaintiff St. Paul Fire & Marine Insurance Co. ("St. Paul"), as subrogee of Hub Group, Inc. ("Hub"), a transportation intermediary, filed suit in this Court on May 11, 2006. St. Paul alleged that Kiper, a motor carrier, was liable under the Carmack Amendment, 49 U.S.C. § 14706, for losses suffered as a result of Kiper's negligence in protecting and securing the freight it transported for Hub. According to St. Paul,

Hub contracted with Kiper to transport 34 televisions from USF Logistics in Illinois to P.C. Richard & Son, Inc. in New York. Kiper allegedly picked up 34 televisions from USF Logistics, but delivered only 28. Hub paid $13,966.80 to USF Logistics for the missing televisions, of which St. Paul paid $8,966.80 pursuant to Hub's policy of insurance for lost or damaged property. Kiper never compensated Hub for the value of the lost goods. Under 49 U.S.C. §14706(a)(1), St. Paul sought recovery from Kiper of $13,966.80 plus costs.

On the same day it filed its complaint in this Court, St. Paul issued a Waiver of Service of Summons to Kiper's registered agent, Jack A. Traina ("Traina"), in Wood-Ridge, New Jersey. Traina executed the waiver of service on May 16, 2006. Although the waiver of service specified that Kiper's answer was due within sixty days, Kiper never filed an answer. Kiper did not appear at the status hearings held by this Court on June 27, 2006, and July 13, 2006, nor did Kiper appear on August 2, 2006, the date on which St. Paul presented its Motion for Default Judgment. This Court set August 16, 2006, as the date for entry of St. Paul's Motion for Default Judgment. St. Paul mailed a copy of its Motion for Default Judgment to Traina when it filed the motion in this Court on August 2, 2006.

Kiper claims that it was not formally notified of the lawsuit by Triana until August 11, 2006. Further, Monica Swigut, Kiper's manager, attested that she was

unable to retain counsel to appear on August 16, 2006. Instead, Dorothy Wtyklo, an employee of Kiper, appeared in Court on August 16, 2006, and represented that Kiper needed additional time to find an attorney. This Court did not permit Wtyklo to appear personally on Kiper's behalf and entered default judgment against Kiper. On August 22, 2006, Kiper retained counsel, who filed a motion for extension of time to vacate the default judgment. This Court denied Kiper's motion on Sept. 26, 2006, and directed Kiper to supplement its motion with good cause sufficient to justify relief from judgment.

## LEGAL STANDARD

Motions to vacate default judgments are governed by Fed. R. Civ. P. 55(c) and 60(b). *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 44-5 (7th Cir. 1994). The standards for evaluating a motion to vacate under Rules 55(c) and 60(b) are the same for all practical purposes, *Davis v. Hutchins,* 321 F.3d 641, 646 (7th Cir. 2003), although the standards are applied more stringently when a party wishes to vacate a judgment rather than a mere order. *Jones v. Phipps,* 39 F.3d 158, 162 (7th Cir. 1994). Rule 60(b)(1) permits relief for judgment on grounds of mistake, inadvertence, surprise, or excusable neglect. *Easley v. Kirmsee*, 382 F.3d 693, 697 (7th Cir. 2004). Kiper has not specified the grounds under which it is requesting relief, but we believe its motion is most logically construed as requesting that we vacate the default judgment

for excusable neglect pursuant to Rule 60(b)(1). *See Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).

## DISCUSSION

Relief from a judgment under Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.,* 726 F.2d 1202, 1204 -05 (7th Cir. 1984). In order to vacate the default judgment against it, Kiper must show: (1) good cause for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original action. *U.S. v. Indoor Cultivation Equipment from High Tech Indoor Garden Supply*, 55 F.3d 1311, 1318 (7th Cir. 1995). Good cause, under Rule 60(b)(1), can include "excusable neglect", which the Supreme Court has defined as encompassing "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 388 (1993). An inquiry into whether conduct constitutes excusable neglect is "at bottom an equitable one" in which the Court may take into account all of the circumstances, including " the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Raymond v. Ameritech Corp.*, 442 F.3d 600,

606 (7th Cir. 2006) (quoting *Pioneer*). Accordingly, the degree to which a party or his agent's carelessness can be termed excusable neglect is a matter largely within the discretion of this Court. *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997).

Kiper proffers three reasons for its default. First, it claims that it was not aware of this lawsuit until Triana, its registered agent, sent Kiper a letter on August 11, 2006, notifying Kiper of the impending entry of default judgment. Second, Kiper claims that its manager, Ms. Swigut, speaks imperfect English and is unsophisticated regarding the American legal system. Third, Kiper claims that the three business days between August 11 and August 16 were not sufficient to permit it to retain counsel, and so it sent an employee to the Court to plead for additional time. Only Kiper's last reason, its unsuccessful attempt to secure counsel and make an appearance in this court, may qualify as "excusable neglect" under these circumstances.

Kiper is careful to plead that it was not formally aware of the pending litigation - rather than not aware at all. Kiper's lack of awareness is no excuse. First, evidence proffered by St. Paul indicates that Kiper may have been aware of this litigation. Counsel for St. Paul was contacted by Kiper via e-mail in early July 2006, concerning Kiper's troubles persuading its insurer to pay the claims underlying this matter and a similar matter also pending in this District. Counsel for St. Paul advised Kiper that

both cases were proceeding in court regardless of whether or not Kiper had insurance coverage and advised Kiper to have counsel appear in both cases. Kiper's e-mail indicates that someone at Kiper was aware of the pending claims but did nothing, either out of ignorance or willful disregard of its legal interests. Second, even if we disregard the email to St. Paul, Kiper cannot escape the default judgment by pointing to Triana's failure to advise Kiper of his acceptance of service of the complaint. To excuse Kiper on the basis of its agent's actions would be contrary to the general rule is that a client is bound by his chosen agent's deeds. *US v. 8136 S. Dobson St., Chicago, Illinois*, 125 F.3d 1076, 1084 (7th Cir. 1997). Most importantly, were we to consider Triana's actions excusable neglect, we would create impermissible uncertainty concerning service of process pursuant to Fed. R. Civ. P. 4(h), which provides that service upon a registered agent constitutes service upon that party.

Kiper's second reason for its default, the limited English skills of its manager and her lack of legal sophistication also cannot be considered excusable neglect in these circumstances. Kiper is registered to do business in Illinois and is incorporated in the state of New Jersey. It possesses a registered agent, and its business is interstate trucking - a highly regulated industry. Kiper cannot claim now that it is unsophisticated concerning the American legal system. To grant a business the legal status and privileges inherent in corporate status and permission to conduct business

on interstate highways, but yet to excuse its managers and owners from compliance with the very system of laws that permit it to operate, is inconsistent and unfair.

Kiper's third reason for its default, its inability to obtain counsel in the three days between the time it was notified of the pending motion for default judgment and the scheduled hearing, and the appearance of Ms. Wtyklo in lieu of an attorney, is the only reason which can be termed excusable neglect. Kiper's attempt, though legally flawed, to at least appear at the hearing for the entry of default, at least evinces its efforts to mount a defense to this action. Combined with retention of counsel within a week of the entry of judgment and a prompt filing of a motion to vacate, this Court is persuaded that Kiper in good faith attempted to secure counsel and could have, if counsel had appeared on August 16, avoided default. Kiper's actions are inconsistent with the "wilful abdication" of its legal responsibility to protect its own interests that would justify denying its motion to vacate. *See Zuelze Tool & Engineering Co. Inc. v. Anderson Die Castings, Inc.*, 925 F.3d 226 (7th Cir. 1991). Furthermore, in considering the equities of the entire situation, we find that given the short amount of time this case has been pending, the prejudice to the plaintiff is not so great, nor the delay so long, as to make vacating the default judgment an injustice.

Finally, Kiper has satisfied the remaining two prongs of the test for awarding judgment under Rule 60(b). Kiper has demonstrated, as discussed above, quick action

to correct the default. As to the existence of a meritorious defense, Kiper claims that its driver and several unnamed witnesses can testify as to the state of the freight upon loading and unloading. There appears to be a clear dispute concerning the status of the trailer at the start and end of its journey, and one that may constitute a meritorious defense for Kiper upon development of the facts.

## CONCLUSION

Accordingly, Kiper's motion to vacate is granted. Kiper has thirty days to file an appearance of counsel and answer or otherwise plead.

_Charles P. Kocoras_
Charles P. Kocoras
United States District Judge

Dated:   November 2, 2006